CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 30 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID FITZGERALD LIGHTNER, | ) | |
| Petitioner, | ) | Civil Action No. 7:11cv00534 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| CHRISTOPHER ZYCH, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner David Fitzgerald Lightner, a federal inmate proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. Lightner claims that he is actually innocent of violating 21 U.S.C. § 841(b)(1)(A), the statute under which he was convicted, and of his career offender status. Upon review of the petition, the court concludes that Lightner has failed to demonstrate entitlement to relief under § 2241 and, therefore, dismisses his petition.

I.

On July 8, 2004, after a jury trial in the Western District of North Carolina, the court entered judgment convicting Lightner of conspiring to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 846 and possessing with intent to distribute 50 grams or more of cocaine base, in violation of 18 U.S.C. § 841(a)(1). The court sentenced Lighter to life imprisonment. The Court of Appeals for the Fourth Circuit affirmed Lightner's conviction and sentence, see United States v. Lightner, No. 94-5541 (4th Cir. June 27, 1996), and the Supreme Court of the United States denied his petition for writ of certiorari, see United States v. Lightner, No. 96-5847 (Oct. 15, 1996). Lightner challenged the legality of his conviction and sentence in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed in the Western District of North Carolina, which the court dismissed as untimely filed. See Lightner v. United States, No. 3:01cv580 (W.D.N.C. Nov. 9, 2011). The Fourth Circuit dismissed his appeal, see Lightner v.

United States, No. 01-8050 (4th Cir. May 17, 2002), and the Supreme Court denied his petition for writ of certiorari, see Lightner v. United States, No. 02-5450 (Oct. 7, 2002).

In his instant § 2241 petition, Lightner argues that he is actually innocent of possessing with the intent to distribute 50 grams or more of cocaine base, in violation of § 841(b)(1)(A), because the offense no longer exists under the Fair Sentencing Act.[1] He also argues that the predicate offenses used to establish his career offender status no longer qualify as predicate offenses.

## II.

Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence,[2] unless a motion pursuant to § 2255 is "inadequate and ineffective" for those purposes. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id. Lightner's petition does not indicate any respect in which his case meets the standard under In re Jones so as to qualify for consideration under § 2241. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was

---

[1] The court notes that the Fair Sentencing Act, which increased the amounts of crack cocaine that trigger statutory mandatory minimum sentences in 21 U.S.C. § 841(b), is not retroactive and is, therefore, inapplicable to Lightner's sentence. See United States v. Glanton, 415 Fed. Appx. 492, 494 (4th Cir. S.C. 2011); United States v. Diaz, 627 F.3d 930 (2d Cir. 2010); United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010).

[2] See United States v. Little, 392 F.3d 671 (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241."). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (citing 28 U.S.C. § 2241(a)).

2

convicted is deemed not to be criminal." Id. This statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines. United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); see also United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333-34). Clearly there has been no change in the law making it now legal to conspire to possess with the intent to distribute cocaine base or to possess with intent to distribute 50 grams or more of cocaine base. Accordingly, the court finds that Lightner fails to meet the In re Jones standard to show that § 2255 is inadequate to test the legality of his conviction, and his claims cannot be addressed under § 2241.[3]

### III.

For the reasons stated herein, the court dismisses Lightner's petition.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 30th day of November, 2011.

_____
United States District Judge

---

[3] The court declines to construe Lightner's petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; see also Swain v. Pressley, 430 U.S. 372, 378 (1977). Second, Lightner has already filed a § 2255 motion in the Western District of North Carolina. In order to file a successive § 2255 motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. See § 2255(h). Because Lightner has not demonstrated that the United States Court of Appeals for the Fourth Circuit has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims. Accordingly, the court does not find that transfer of a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy. Therefore, this court declines to construe and transfer Lightner's petition.

3